UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **John C. Huddleston,** | * |
| Plaintiff, | * |
| v. | * No. 3:19-cv-536-CWR-LRA |
| | * Jury Demanded |
| **Megan J. Brennan,** | * |
| Postmaster General, | * |
| Defendant. | * |

# COMPLAINT

COMES NOW Plaintiff John Huddleston (hereinafter referred to as "Mr. Huddleston" or "Plaintiff"), by and through counsel, and for his Complaint against Defendant Postmaster General Megan J. Brennan states as follows:

## NATURE OF THE COMPLAINT

1. Mr. Huddleston brings this case for harassment and hostile work environment based on his race, sex, and age, and for retaliation for engaging in protected activity.

2. Through its discriminatory conduct, Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623.

3. The U.S. Postal Service issued a Final Agency Decision ("FAD") on May 3, 2019. Mr. Huddleston, through his attorney received the U.S Postal Service's FAD on May 10, 2019.

4. As required under 29 C.F. R. § 1614.407(a), Mr. Huddleston brings this Complaint within 90 days of receipt of the U.S. Postal Service's FAD, seeking relief from Defendant's ongoing harassment, discrimination and retaliation.

## PARTIES

5. Plaintiff John C. Huddleston is an adult resident of Raymond, Hinds County, Mississippi.

6. Defendant conducts business in this judicial district.

7. At all times relevant to this Complaint, Plaintiff and Defendant had an employee/employer relationship as contemplated in Title VII and the ADEA.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter pursuant to 26 C.F.R. § 1614.407(a) and because Plaintiff's claims raise federal questions.

9. Personal jurisdiction and venue are proper in this Court because Defendant may be found in this Judicial District, conducts business in this Judicial District, and the facts and circumstances which gave rise to the causes of action contained in this Complaint arose occurred in Hinds County, Mississippi, in this Judicial District.

## FACTUAL BACKGROUND

10. Mr. Huddleston is male and three-quarters to seven-eighths Native American and one-eighth to one-quarter Anglo Saxon/White.

11. Mr. Huddleston was born October 20, 1967 and was fifty years old at the time of the events at issue in this case.

12. Mr. Huddleston has worked for U.S. Postal Service since November 2015.

13. Mr. Huddleston's position with the U.S. Postal Service, at all times pertinent to his Complaint, was Sales & Services/Distribution Associate (SSDA) at the Clinton, Mississippi Post Office, performing a variety of clerical duties in mail processing and retail/customer services to support day-to-day operations of the Post Office.

14. Throughout the time of his employment with the U.S. Postal Service, Mr. Huddleston has endured countless instances of race, gender, and age-based retaliation, harassment, disparagement and abuse by his supervisors and co-workers.

15. Since March 11, 2018, and before, Mr. Huddleston has frequently been abandoned by his supervisors while working the Post Office customer service window, leaving him to work the window operation alone on a daily basis for extended periods of up to seven hours, while other employees shirked their duties and chatted on their personal phones.

16. Since March 11, 2018, and before, Post Office management has ignored or failed to follow through on serious safety concerns raised by Mr. Huddleston.

17. Since March 11, 2018, and before, Post Office management disclosed and discussed Mr. Huddleston's personal information with his co-workers.

18. Since March 11, 2018, and before, post office management harassed Mr. Huddleston by calling him back to the office after he left for the day to correct minor work errors.

19. Since March 11, 2018, and before, Mr. Huddleston's co-workers subjected him to a hostile work environment by calling him names, ridiculing him, and ignoring him.

20. When Mr. Huddleston reported the harassment by his co-workers, Post Office management took no remedial action.

21. On or around May 8, 2018, post office management held Mr. Huddleston responsible and reprimanded him for another employee's failure to perform that employee's job.

22. On or around May 9, 2018, Post Office management isolated Mr. Huddleston, intimidated him, blocked his departure, bullied, and cursed at him within hearing of postal customers.

23. Younger employees, otherwise situated similarly to Mr. Huddleston, were not subjected to the kind of harassment, disparagement, abuse, and excessive scrutiny of their work as Mr. Huddleston.

24. Female employees, otherwise situated similarly Mr. Huddleston, were not subjected to the kind of harassment, disparagement, abuse, and excessive scrutiny of their work as Mr. Huddleston.

25. Employees who had not brought EEO complaints against management or engaged in other protected activity were not subjected to the kind of harassment, disparagement, abuse, and excessive scrutiny of their work as Mr. Huddleston.

26. Mr. Huddleston has filed numerous complaints of discriminatory harassment since 2016.

27. Most recently, Mr. Huddleston filed a complaint of discrimination with the U.S. Postal Service, Equal Employment Opportunity office on June 4, 2018 and the agency issued a Final Agency Decision on May 3, 2019.

## COUNT I

### DISCRIMINATION BASED ON RACE
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C § 2000(e), *et seq.*

28. Mr. Huddleston incorporates by reference the allegations contained in paragraphs 1-27 of his Complaint as though they were fully set forth herein.

29. Title VII of the Civil Rights Act of 1964 prohibits discrimination based on race and color.

30. Mr. Huddleston is Caucasian and is protected under Title VII from racial discrimination under the same standards as applied to racial minorities.

31. Defendant subjected Mr. Huddleston to discrimination based on his race, in violation of Title VII.

32. As the result of his race, Mr. Huddleston was adversely affected by Defendants' actions and treated less favorably than similarly situated individuals including abandoning him alone at the customer service window, holding him responsible for the conduct of another employee, disclosing his personal information to others, publicly humiliating him, and condoning the hostile conduct toward Mr. Huddleston by co-workers.

33. Mr. Huddleston sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and Mr. Huddleston demands such legal and equitable relief as will effectuate the purposes of Title VII, including but not limited to, the following:

    a. Compensatory damages;
    b. Punitive damages;
    c. Costs and attorney's fees;
    d. Appropriate affirmative action;
    e. Equitable relief;
    f. Any other relief that this Court deems just and equitable.

## COUNT II

### DISCRIMINATION BASED ON GENDER
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C § 2000(e), *et seq.*

34. Mr. Huddleston incorporates by reference the allegations contained in paragraphs 1-32 of his Complaint as though they were fully set forth herein.

35. Title VII of the Civil Rights Act of 1964 prohibits discrimination based on sex or gender.

36. Defendant subjected Mr. Huddleston to discrimination based on his sex or gender, in violation of Title VII.

37. As the result of his gender, Mr. Huddleston was adversely affected by Defendants' actions and treated less favorably than similarly situated individuals including abandoning him alone at the customer service window, holding him responsible for the conduct of another employee, disclosing his personal information to others, publicly humiliating him, and condoning the hostile conduct toward Mr. Huddleston by co-workers.

38. Mr. Huddleston sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and Mr. Huddleston demands such legal and equitable relief as will effectuate the purposes of Title VII, including but not limited to, the following:
    a. Compensatory damages;
    b. Punitive damages;
    c. Costs and attorney's fees;
    d. Appropriate affirmative action;
    e. Equitable relief;
    f. Any other relief that this Court deems just and equitable.

## COUNT III

### TITLE VII RETALIATION

39. Mr. Huddleston incorporates by reference the allegations contained in paragraphs 1-36 of his Complaint as though they were fully set forth herein.

40. Title VII prohibits employers from retaliating against employees for engaging in activities protected by Title VII, such as reporting illegal discrimination.

41. Mr. Huddleston's supervisors at the U.S. Postal Service knew that Mr. Huddleston engaged in protected activity by reporting discriminatory harassment to the EEO office when the complaints were forwarded to the supervisors for response as part of the investigative process.

42. As the result of his participation in EEO proceedings against Defendant, Mr. Huddleston was adversely affected by Defendants' actions and treated less favorably than similarly situated individuals including abandoning him alone at the customer service window, holding him responsible for the conduct of another employee, disclosing his personal information to others, publicly humiliating him, and condoning the hostile conduct toward Mr. Huddleston by co-workers.

43. Mr. Huddleston sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and Mr. Huddleston demands such legal and equitable relief as will effectuate the purposes of Title VII, including but not limited to, the following:

    a. Compensatory damages;
    b. Punitive damages;
    c. Costs and attorney's fees;
    d. Appropriate affirmative action;
    e. Equitable relief;
    f. Any other relief that this Court deems just and equitable.

## COUNT IV

### DISCRIMINATION BASED ON AGE
### IN VIOLATION OF
### AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 263

44. Mr. Huddleston incorporates by reference the allegations contained in paragraphs 1-41 of his Complaint as though they were fully set forth herein.

45. The Age Discrimination in Employment Act of 1977 (ADEA) (29 U.S.C. 621), prohibits discrimination in employment based on age.

46. Because Mr. Huddleston was fifty years old at the time of the events complained of herein, he is a member of the class protected by the ADEA.

47. Defendant subjected Mr. Huddleston to discrimination based on his age, in violation of the ADEA.

48. As the result of his age, Mr. Huddleston was adversely affected by Defendants' actions and treated less favorably than similarly situated individuals including abandoning him alone at the customer service window, holding him responsible for the conduct of another employee, disclosing his personal information to others, publicly humiliating him, and condoning the hostile conduct toward Mr. Huddleston by co-workers.

49. Mr. Huddleston sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and Mr. Huddleston demands such legal and equitable relief as will effectuate the purposes of ADEA, including but not limited to, the following:

    a. Liquidated damages;
    b. Costs and attorney's fees;
    c. Appropriate affirmative action;
    d. Any other relief that this Court deems just and equitable.

## COUNT V

### ADEA RETALIATION

50. Mr. Huddleston incorporates by reference the allegations contained in paragraphs 1-47 of his Complaint as though they were fully set forth herein.

51. The Age Discrimination in Employment Act of 1967 prohibits employers from retaliating against employees because of their participation in proceedings under the Act, such as reporting illegal discrimination in EEO proceedings.

52. Mr. Huddleston's supervisors at the U.S. Postal Service knew that Mr. Huddleston engaged in protected activity by reporting discriminatory harassment to the EEO office when the complaints were forwarded to the supervisors for response as part of the investigative process.

53. As the result of his participation in EEO proceedings against Defendant, Mr. Huddleston was adversely affected by Defendants' actions and treated less favorably than similarly situated individuals including abandoning him alone at the customer service window, holding him responsible for the conduct of another employee, disclosing his personal information to others, publicly humiliating him, and condoning the hostile conduct toward Mr. Huddleston by co-workers.

54. Mr. Huddleston sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and Mr. Huddleston demands such legal and equitable relief as will effectuate the purposes of the ADEA, including but not limited to, the following:

    a. Liquidated damages;
    b. Costs and attorney's fees;
    c. Appropriate affirmative action;
    d. Any other relief that this Court deems just and equitable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. An award of compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses in an amount to be determined at trial;

2. An award of punitive damages;

3. An award of liquidated damages;

4. Costs and expenses of this action incurred Plaintiff, including reasonable attorneys' fees and expert fees;

5. Pre-Judgment and post-Judgment interest, as provided by law; and

6. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: August 1, 2019

Respectfully submitted,

s/ Bailey H. Dorsey

Bailey H. Dorsey, MS Bar No. 105224
Philip E. Oliphant, TN Bar No. 025990
*Pro Hac Vice to be submitted*
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
901.737.7740 (voice)
901.474.7959 (voice)
901.474.7926 (fax)
bdorsey@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*