**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JOHN C. HUDDLESTON**                                                          **PLAINTIFF**

**V.**                                                          **CAUSE NO. 3:19-CV-536-CWR-LRA**

**LOUIS DEJOY**                                                                   **DEFENDANT**

**ORDER**

Before the Court is the defendant's motion for summary judgment. Docket No. 27. The matter is fully briefed and ready for adjudication. The familiar summary-judgment standard applies and need not be recited anew. *See* Fed. R. Civ. P. 56.

The plaintiff's direct claims of race, sex, and age discrimination cannot proceed. Among other reasons, there is no evidence that race, sex, or age discrimination resulted in an adverse employment action, as that term is defined. *See Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014). Indeed, the plaintiff's response brief does not even attempt to save these claims.

The outcome is less obvious for the plaintiff's retaliation and hostile work environment claims. Certainly the plaintiff engaged in protected activity. He invoked the agency's EEO process several times. Each complaint "resulted [in] a new wave of harassment and isolation, which can be understood in no other way than as retaliation for [his] calling management on its misdeeds," says Huddleston. Docket No. 30 at 12. "Management clearly wanted him gone[.]" *Id*. Viewing the evidence in the light favorable to the non-movant, as the legal standard requires, there is a factual dispute about whether the defendant's actions post-March 2018 were materially adverse. A fact-finder could conclude that the situation "well might have dissuaded a reasonable

worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotation marks and citation omitted).

The hostile work environment claims are also difficult to resolve on this record. The legal standard asks whether, considering the specific facts of the case "with common sense[] and an appropriate sensitivity to social context," the defendant engaged in "conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive." *E.E.O.C. v. Boh Bros. Const. Co.*, 731 F.3d 444, 460 (5th Cir. 2013) (en banc) (quotation marks and citation omitted).

On one hand, today's record contains some evidence of unexplained differential treatment. *See* Docket No. 30-1. And while the plaintiff is not in a position to know whether his treatment was due to race, gender, or age, he apparently is the only person of his race and gender in his workplace, and one of only two persons there over 40. *See id.* The inference from that evidence suggests a factual dispute as to whether he was singled out on the basis of race, gender, or (less persuasively) age.

On the other hand, there is ample evidence that if there was a hostile work environment at the Clinton Post Office, it was created by the plaintiff. Calling co-workers "cunt" or "bitches," or saying that they should be put "in their back of the bus place," are reasons for an employer to fear a hostile work environment claim *from the recipients* of those insults, rather than their speaker.[1] *E.g.*, *Boh Bros. Const.*, 731 F.3d at 461-62 (collecting cases). A Mississippi jury must consider that evidence.

The present difficulty is that granting summary judgment in full on the present record might require inferences to be drawn in the defendant's favor. That the Court cannot do. The

---

[1] Although the defendant makes hay of the plaintiff's text message to a co-worker that says, "bitch, fucking bitch, G.D. f'n bitch, and stankin' ass bitch," in context, it appears that the plaintiff was merely reciting what others said about that co-worker, without endorsing or sharing that derogatory view. *See* Docket No. 27-1 at 5.

2

better result is to let the jury hear the evidence, sift through the parties' competing characterizations of that evidence, and determine if the plaintiff has proven retaliation or a hostile work environment.

For these reasons, the motion is granted in part and denied in part.

**SO ORDERED**, this the 4th day of December, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE